UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEFFREY M. CASSUTO,                    :        **MEMORANDUM**
                                       :        **OPINION & ORDER**
            Plaintiff,                 :
                                       :        06 Civ. 15314 (SAS)
     - against -                       :
                                       :
DAVID T. SHULICK,                      :
                                       :
            Defendant.                 :
------------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

In this defamation action, Jeffrey M. Cassuto, a New York attorney, is suing David T. Shulick, a Pennsylvania attorney, for making a statement during the course of negotiating Cassuto's fees for legal services Cassuto rendered on behalf of the plaintiff in an action entitled *Stone Commercial Brokerage, Inc., d/b/a Stone Co. v. Organic Inc ("Stone")*.[1] Specifically, Cassuto alleges that a statement Shulick wrote in an email to all counsel and Shulick's client in the *Stone* matter constitutes libel per se. Following limited discovery on Shulick's right to invoke the judicial proceedings privilege to protect him from a libel suit for statements made in the course of a judicial proceeding, Shulick now moves for

---

[1] Supreme Court, New York County, Index No. 601799/2003.

summary judgment dismissing the claim. For the reasons discussed below, Shulick's motion is granted.

## I. BACKGROUND

### A. Facts

Cassuto practices law in New York; Shulick practices in Pennsylvania. Shulick retained Cassuto to act as local counsel in New York for Stone Commercial Brokerage, Shulick's client.[2] It was understood that Shulick would remain lead counsel on all matters while Cassuto would handle the pro hac vice application, allowing Shulick to appear in New York matters, and represent Stone Commercial Brokerage as co-counsel in New York.[3] Relations soured over a number of missteps and on March 7, 2005, Shulick relieved Cassuto as local counsel.[4] Soon thereafter, a dispute arose over Cassuto's legal fees for his work in the *Stone* action as well as other legal matters in which Cassuto and Shulick had a similar relationship.[5] As a result, on April 13, 2005, Cassuto and Shulick entered into an agreement that, *inter alia*, stayed payment of Cassuto's *Stone* fees pending

---

[2]  *See* Affirmation of Jefferey M. Cassuto in Opposition to Defendant's Motion for Summary Judgment ¶ 2 ("Cassuto Aff.").

[3]  *See id.*

[4]  *See id.* ¶ 6.

[5]  *See id.* ¶ 7.

1

the final resolution of that lawsuit.[6]

Over a year later, Cassuto contacted an attorney still involved in the *Stone* matter to inquire about whether that case had reached a final dispotion; the attorney advised Cassuto that the *Stone* action had settled.[7] Following this inquiry, Cassuto contacted Shulick via email to settle his fees pursuant to the terms of their Fee Agreement.[8] Shulick responded by explaining that he would contest the amount of fees claimed by Cassuto.[9]

A day later, frustrated by Shulick's rejection of his claim, Cassuto emailed many of the parties involved in the *Stone* matter notifying them of his charging lien and demanding that his name be included on any and all settlement documents "as attorney," and on the settlement check.[10] Among the parties copied on this email were Shulick, Eric Kades, a named plaintiff in the *Stone* matter, and Craig Miller, the CEO of Stone Commercial Brokerage, and the attorneys who

---

[6]   *See id.* ¶ 8 (citing Fee Agreement).

[7]   *See id.* ¶ 11.

[8]   *See id.*

[9]   *See* May 11, 2006 email from David T. Shulick to Jefferey M. Cassuto, Ex. A to Affirmation of Albert Khafif, Cassuto's counsel, in Opposition to Defendant's Motion for Summary Judgment ("Khafif Aff."), at 2 ("5/11/06 Shulick email").

[10]   *Id.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JEFFREY M. CASSUTO,                     :        **MEMORANDUM**
                                        :        **OPINION & ORDER**
            Plaintiff,                  :
                                        :        06 Civ. 15314 (SAS)
      - against -                       :
                                        :
DAVID T. SHULICK,                       :
                                        :
            Defendant.                  :
------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

In this defamation action, Jeffrey M. Cassuto, a New York attorney, is suing David T. Shulick, a Pennsylvania attorney, for making a statement during the course of negotiating Cassuto's fees for legal services Cassuto rendered on behalf of the plaintiff in an action entitled *Stone Commercial Brokerage, Inc., d/b/a Stone Co. v. Organic Inc ("Stone")*.[1] Specifically, Cassuto alleges that a statement Shulick wrote in an email to all counsel and Shulick's client in the *Stone* matter constitutes libel per se. Following limited discovery on Shulick's right to invoke the judicial proceedings privilege to protect him from a libel suit for statements made in the course of a judicial proceeding, Shulick now moves for

---

[1] Supreme Court, New York County, Index No. 601799/2003.

summary judgment dismissing the claim. For the reasons discussed below, Shulick's motion is granted.

## I.  BACKGROUND

### A.  Facts

Cassuto practices law in New York; Shulick practices in Pennsylvania. Shulick retained Cassuto to act as local counsel in New York for Stone Commercial Brokerage, Shulick's client.[2] It was understood that Shulick would remain lead counsel on all matters while Cassuto would handle the pro hac vice application, allowing Shulick to appear in New York matters, and represent Stone Commercial Brokerage as co-counsel in New York.[3] Relations soured over a number of missteps and on March 7, 2005, Shulick relieved Cassuto as local counsel.[4] Soon thereafter, a dispute arose over Cassuto's legal fees for his work in the *Stone* action as well as other legal matters in which Cassuto and Shulick had a similar relationship.[5] As a result, on April 13, 2005, Cassuto and Shulick entered into an agreement that, *inter alia*, stayed payment of Cassuto's *Stone* fees pending

---

[2]  *See* Affirmation of Jefferey M. Cassuto in Opposition to Defendant's Motion for Summary Judgment ¶ 2 ("Cassuto Aff.").

[3]  *See id.*

[4]  *See id.* ¶ 6.

[5]  *See id.* ¶ 7.

1

the final resolution of that lawsuit.[6]

Over a year later, Cassuto contacted an attorney still involved in the *Stone* matter to inquire about whether that case had reached a final dispotion; the attorney advised Cassuto that the *Stone* action had settled.[7] Following this inquiry, Cassuto contacted Shulick via email to settle his fees pursuant to the terms of their Fee Agreement.[8] Shulick responded by explaining that he would contest the amount of fees claimed by Cassuto.[9]

A day later, frustrated by Shulick's rejection of his claim, Cassuto emailed many of the parties involved in the *Stone* matter notifying them of his charging lien and demanding that his name be included on any and all settlement documents "as attorney," and on the settlement check.[10] Among the parties copied on this email were Shulick, Eric Kades, a named plaintiff in the *Stone* matter, and Craig Miller, the CEO of Stone Commercial Brokerage, and the attorneys who

---

[6]   *See id.* ¶ 8 (citing Fee Agreement).

[7]   *See id.* ¶ 11.

[8]   *See id.*

[9]   *See* May 11, 2006 email from David T. Shulick to Jefferey M. Cassuto, Ex. A to Affirmation of Albert Khafif, Cassuto's counsel, in Opposition to Defendant's Motion for Summary Judgment ("Khafif Aff."), at 2 ("5/11/06 Shulick email").

[10]   *Id.*

2

represented the defendant in the *Stone* matter.[11] Cassuto also attached a copy of the Fee Agreement to this email.

In response, Shulick hit "reply all" and wrote the following sentence in his email that addressed Cassuto's claim, which is the crux of Cassuto's case: ". . . evidenc[ed] that he is still, apparently, as . . . previously suspected, under the influence of substances that caused him to act so irratically [sic] previously [sic] - the reason for his termination."[12] Cassuto claims this statement constitutes libel per se. Following this email, discussions concerning the fee dispute continued via emails between Shulick, his client, and Cassuto. Shulick's secretary, Wendy King, and paralegal, Paula Bermudez, were copied on some of these emails.[13]

Pursuant to the settlement reached in the *Stone* action, which the court docketed on June 1, 2006, Judge Richard Lowe ordered a hearing to resolve Cassuto's charging lien.[14] That hearing took place on June 28, 2006, in front of

---

[11] *See* May 12, 2006 email from Cassuto to Paul Cocoran and Marjorie Berman, copied to Shulick and Eric Kades, Ex. A to Khafif Aff. ("5/12/06 Cassuto email").

[12] *Id.*

[13] *See* May 12, 2006 email from Miller to Cassuto, Ex. A to Khafif Aff. (responding to plaintiff's demand for $67,000 in fees, stating "[w]ow. Not possible in my opinion.").

[14] *See* Transcript of Stipulation of Settlement, Ex. B to Defendant's Notice of Motion for Summary Judgment.

3

Special Referee Louis Crespo, Jr., where the parties put on record their resolution of the fee dispute.[15]

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[16] An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[17] A fact is material when it "'might affect the outcome of the suit under the governing law.'"[18]

The movant has the burden of demonstrating that no genuine issue of material fact exists.[19] To defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact that does "'not rely on conclusory

---

[15] See id.

[16] Fed. R. Civ. P. 56(c).

[17] *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quoting *Stuart v. American Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998)).

[18] *Bouboulis v. Transport Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).

[19] *See, e.g., Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

allegations or unsubstantiated speculation.'"[20] To do so, it must do more than show that there is a "'metaphysical doubt as to the material facts.'"[21] In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in that party's favor.[22]

### B. Judicial Proceedings Privilege

The judicial proceedings privilege is an absolute bar to defamation suits arising out of statements pertinent to judicial proceedings made by any party related to those proceedings.[23] Whether statements of an allegedly defamatory nature are pertinent for purposes of the judicial proceedings privilege is a question of law for the court to decide.[24]

---

[20] *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2002)).

[21] *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[22] *See id.*

[23] *See Sexter v. Warmflash, P.C. v. Margrabe*, 828 N.Y.S.2d 315, 322-26 (1st Dep't 2007) (describing the broad scope of the judicial proceedings privilege).

[24] *See People ex rel. Bensky v. Warden of City Prison*, 258 N.Y. 55, 59 (1932); *Mosesson v. Jacob D. Fuchsberg*, 683 N.Y.S.2d 88, 89 (1st Dep't 1999) (citing *Bensky*, 258 N.Y. at 60); *Grasso v. Matthew*, 564 N.Y.S.2d 576, 578 (3d Dep't 1991).

In determining whether a statement is pertinent to judicial proceedings for purposes of the privilege, courts apply an "extremely liberal" test,[25] asking whether the statement is "at all pertinent to the litigation."[26] The measure of a statement's pertinence to judicial proceedings is whatever a reasonable person would think is "connected" to the case.[27] Thus, any doubts are to be resolved in favor of finding a statement to be pertinent to a judicial proceeding.[28] "The barest rationality, divorced from any palpable or pragmatic degree of probability, suffices to establish the offending statement's pertinence to the litigation."[29] The privilege embraces anything that may possibly be pertinent, including disputes over legal fees between attorneys.[30] Additionally, a statement made during the course of judicial proceedings is only actionable where the statement is "so outrageously out of context as to permit one to conclude, from the

---

[25]   *Black v. Green Harbour Homeowners' Ass'n., Inc.*, 798 N.Y.S.2d 753, 755 (2005).

[26]   *Mosesson*, 683 N.Y.S.2d at 89. *Accord Sexter*, 828 N.Y.S.2d at 322-26; *Aequitron Med., Inc. v. Dyro, Inc.*, 999 F. Supp. 294 (E.D.N.Y. 1998); *Caplan v. Winslett*, 637 N.Y.S.2d 967, 970 (1st Dep't 1996).

[27]   *See Sexter*, 828 N.Y.S.2d at 323 (noting that minimal relevancy to judicial proceedings is all the court requires).

[28]   *See id.*

[29]   *Id.* at 327 (citing *Seltzer v. Fields*, 244 N.Y.S.2d 792 (1st Dep't 1963)).

[30]   *See, e.g., Mosesson*, 683 N.Y.S.2d at 88.

mere fact that the statement was uttered, that it was motivated by no other desire than to defame."[31]

While the privilege does not extend to statements made by persons "wholly unrelated" to the relevant litigation.[32] "no strained or close construction will be indulged in to exempt a [person] from the protection of privilege."[33] The privilege is not destroyed simply because a participant to the judicial proceedings no longer represents a party.[34] The privilege is only inapplicable where the statement is made by someone who has no involvement whatsoever in the pending litigation or was never involved in the proceedings.[35] Moreover, it is irrelevant for purposes of applying the privilege that third parties inadvertently heard or read an allegedly defamatory statement.[36]

---

[31]    *Martirano v. Frost*, 307 N.Y.S.2d 425, 428 (1969).

[32]    *World Wrestling Fed'n Entm't, Inc. v. Bozell*, 142 F. Supp. 2d 514, 534 (S.D.N.Y. 2001) (citing *Schulman v. Anderson Russell Kill & Olick*, 458 N.Y.S.2d 448, 453 (1982)).

[33]    *Moore v. Manufacturers' Natl. Bank of Troy*, 123 N.Y. 420, 426 (1890).

[34]    *See Caplan*, 637 N.Y.S.2d at 970.

[35]    *See, e.g., Silverman v. Clark*, 822 N.Y.S.2d 9, 11 (1st Dep't 2006).

[36]    *See Martirano*, 307 N.Y.S.2d at 428 (holding the privilege applies to statements of parties made in open court); *Klein*, 288 N.Y.S.2d at 751 (applying the privilege to an off-the-record statement made by attorney to adverse party in court clerk's office, in the presence of others).

### III. The Judicial Proceedings Privilege Bars Cassuto's Libel Claim

#### A. Shulick's Statement Was Pertinent to a Judicial Proceeding

In determining whether a statement is pertinent to a judicial proceeding, the statement must be read in context.[37] Here, Cassuto initiated the discussion in issue.[38] Cassuto entitled his initial email to Shulick "SETTLEMENT -- Stone Commercial Brokerage, Inc. v. Organic, Inc. et al."[39] As evidenced by the subject line, the email pertained to the *Stone* lawsuit. Nonetheless, Cassuto contends the email is not pertinent to a judicial proceeding because it related to the Fee Agreement, not to the lawsuit.[40] Cassuto is simply wrong. The statement related to the lawsuit as it arose from Cassuto's representation in the *Stone* matter. In response to Cassuto's request for fees, Shulick sent an email rejecting Cassuto's claim, stating that "he would be happy to litigate the fees."[41]

Frustrated with his failing efforts to obtain payment from Shulick,

---

[37] *See Caplan,* 637 N.Y.S.2d at 970 (examining an entire sequence of communications to determine the pertinence of a single statement).

[38] *See* May 11, 2006 email from Cassuto to Shulick, Ex A. to Khafif Aff. at 2.

[39] *Id.*

[40] *See* Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp.") at 10.

[41] 5/11/06 Shulick email.

Cassuto filed a lien against any *Stone* settlement. While Cassuto contends the fee dispute was not pertinent to the *Stone* litigation, his decision to file a lien against the settlement proceeds and to alert all parties and counsel of that decision proves the contrary.

Shulick's allegedly libelous email addressed the *Stone* litigation generally, as well as Cassuto's fee claim.[42] Subsequent emails between Shulick's client and Cassuto confirm the fact that the charging lien related directly to the *Stone* lawsuit.[43] Indeed, at a settlement conference on June 28, 2006, a hearing was held on Cassuto's lien, which was eventually resolved.[44] In sum, the allegedly libelous statement is privileged as it pertained to the judicial proceedings in the *Stone* litigation.[45]

---

[42] *See* 5/12/06 Shulick email.

[43] *See* string of emails annexed as Ex. A to Khafif Aff. at 86-91.

[44] *See id.*

[45] *See Sexter*, 828 N.Y.S.2d at 328-29 (applying the privilege to out-of-court statements by a party's husband over fees).

**B.     Cassuto's Status as *Former* Counsel Does Not Bar Application of the Privilege**

Cassuto contends that his status as *former* counsel should preclude any application of the judicial proceedings privilege.[46] But when former counsel to litigation continues to involve themselves in actual proceedings, the privilege still applies.[47] As discussed above, Cassuto sent an email to opposing counsel in *Stone* demanding his name be included on settlement papers with the designation "as attorney."[48] Additionally, Cassuto emailed both the attorneys and the parties in the *Stone* matter regarding his charging lien.[49] Cassuto then litigated his claim before the Special Referee.[50]

Cassuto relies on *Silverman v. Clark* in which the privilege did not apply to an attorney formerly involved in litigation.[51] But this case is inapposite. The attorney in *Silverman* merely contacted his former client to suggest that she

---

[46]     *See* Pl. Opp. at 10.

[47]     *See Caplan,* 637 N.Y.S.2d at 970.

[48]     5/12/06 Cassuto email.

[49]     *See id.*

[50]     *See Sexter,* 828 N.Y.S.2d at 315 (finding out-of-court statements regarding fees are immune from defamation suits).

[51]     *See* Pl. Opp. at 10 (citing *Silverman,* 822 N.Y.S.2d 9).

10

proceed with her new attorney cautiously, or alternatively, return to his firm.[52] The attorney made no statement pertinent to a pending litigation as was the case here.

### C. Receipt of Statement by Shulick's Secretary and Paralegal Does Not Eliminate the Immunity

Finally, Cassuto contends that the immunity should not apply because Shulick copied his secretary and paralegal on subsequent emails, including the string of emails containing the allegedly defamatory statements.[53] However, as noted earlier, the privilege is not extinguished simply because third parties have been exposed to the allegedly defamatory statements.

---

[52] *See Silverman*, 822 N.Y.S.2d at 12.

[53] *See* Pl. Opp. at 11.

11

## IV. CONCLUSION

For the reasons set forth above, Shulick's motion for summary judgment dismissing the complaint is granted. The Clerk of the Court is directed to close this motion [No. 4 on the Docket Sheet] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         June 11, 2007

## - Appearances -

**For Plaintiff:**

Albert Khafif, Esq.
Friedman Khafif & Sanchez, LLP
16 Court Street, 26th Floor
Brooklyn, NY 11241
(718) 797-2488

**For Defendant:**

John H. Samoza, Esq.
Melito & Adolfsen P.C.
Woolworth Building
223 Broadway
New York, NY 10279-8900
(212) 238-8999